UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GERRY BOREN,<br><br>                Plaintiff,<br><br>   v.<br><br>ACLU of IDAHO,<br><br>                Defendant. | Case No. 1:09-CV-646-REB<br><br>**INITIAL REVIEW ORDER** |

      Plaintiff's Complaint was conditionally filed on December 14, 2009. The Court now reviews the Complaint to determine whether summary dismissal is appropriate. See 28 U.S.C. §§ 1915(e) and 1915A. The Court also reviews Plaintiff's Application to Proceed in Forma Pauperis . (Docket No. 1.) Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

## REVIEW OF COMPLAINT

**1.    Standard of Law**

      The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915. The Court must dismiss a complaint or any

portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Accordingly, a court may dismiss claims based on an indisputably meritless legal theory or claims alleging clearly baseless factual contentions. *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833. The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

A court should dismiss a complaint for failure to state a claim upon which relief may be granted only if it appears beyond doubt that plaintiff can prove no set of facts to support the claim that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02 (1957)). For purposes of its review, the Court must accept as true the allegations of the complaint, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740, 96 S.Ct. 1848, 1850 (1976), construe the pleadings in a light most favorable to plaintiff, *Id.*, and resolve all doubts in plaintiff's favor, *Ernest W. Hahn, Inc. v. Codding*, 615 F.2d 830, 834 (9th Cir. 1980).

Plaintiff brings this suit under 42 U.S.C. § 1983, the civil rights statute. To state a

claim under § 1983, a plaintiff must allege four elements: "(1) a violation of rights protected by the Constitution or created by federal statute (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Section 1983 is "'not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865, 1870, 104 L.Ed.2d 443 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3, 99 S.Ct. 2689, 2695 n.3, 61 L.Ed.2d 433 (1979)).

Title 28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." This is sometimes referred to as a "three strike" rule for prisoner pro se litigants.

2.      Analysis

The Court finds that Plaintiff has been issued seven strikes in this Court for filing suits that were frivolous or malicious. (See Order of January 3, 2008, Docket No. 5 in Case No. 1:07-CV-522-EJL, *Boren v. Wasden, et al.*) Because Plaintiff has accrued at least three strikes, he is no longer entitled to file complaints in federal court without first

**INITIAL REVIEW ORDER - 3**

paying the filing fee. The only exception is that the Court may entertain a lawsuit filed in forma pauperis if the prisoner is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Here, Plaintiff alleges that the ACLU of Idaho has violated his constitutional right to equal protection under the Fourteenth Amendment, by indicating that it will not represent him in lawsuits against other defendants. The current allegations do not support any danger of physical injury to Plaintiff. It is also apparent to this Court that Plaintiff has not stated a claim on which relief can be granted.

Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). The federal courts have no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(e). *See Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 396, 298 (1989). When a court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id.* Given the limited allegations in Plaintiff's complaint here, the Court finds that no violation of rights under the Constitution or federal statute is shown.

Further, there is no demonstration that the ACLU of Idaho is acting under color of state law. Plaintiff asserts that the ACLU is an organization of Idaho attorneys who are members of the Idaho State Bar, and who advocate for prisoners' constitutional rights. However, Plaintiff fails to connect ACLU's actions or inaction to conduct that could be

construed as being under color of state law. The ACLU is not a federal entity, and its members are not federal officers. *See U.S. v. Otherson*, 637 F.2d 1276 (9th Cir. 1980). Conduct by the ACLU is not action done in conspiracy with government officials. *See Phillips v. Mashburn*, 746 F.2d 782 (11th Cir. 1984). According to Exhibits attached to the complaint and highlighted by Plaintiff, "the ACLU is funded by voluntary private donations. [The ACLU's] legal staff is quite small, and most of the cases [it] accept[s] must be handled by lawyers in private practice who donate their time without charge." (Exhibit A, Docket No. 3 at 13.) The Court here finds that the conduct of the ACLU of Idaho, described in the complaint, was not under color of state law. Because Plaintiff has failed to demonstrate any of the four required elements for a claim under § 1983, the Court finds that Plaintiff has failed to state a claim on which relief can be granted.

Federal Rule of Civil Procedure 15(a) requires the Court to grant leave to amend a complaint freely, when justice so requires. In exercising its discretion with regard to the amendment of pleadings, "a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Here, given the existing allegations, the Court finds that it appears beyond doubt that Plaintiff can prove no set of facts to support a federal claim that would entitle him to relief on the merits of this case. Therefore, the Court will not grant leave, but will dismiss Plaintiff's complaint.

# ORDER

Based on the foregoing, **IT IS ORDERED THAT:**

1. Plaintiff's Complaint (Docket No. 3) is **DISMISSED** with prejudice.

2. Plaintiff's Application to Proceed in Forma Pauperis (Docket No. 1) is deemed **MOOT**.

3. Plaintiff's Motion for Settlement (Docket No. 7) is deemed **MOOT**.

4. Plaintiff's Complaint is issued a strike under 28 U.S.C. § 1915(g). Plaintiff now has eight strikes. *See* CV 07-234-S-BLW (one strike), CV 07-526-S-BLW (two strikes), CV 07-522-S-EJL (four strikes).

5. The Clerk of Court shall not accept for filing, any further in forma pauperis civil complaints or civil petitions from Gerry Boren. If he wishes to file such a case, he may, under the case in which he received his third strike – CV 07-526-S-BLW – file a motion, limited to two pages only, presenting facts showing that he is under imminent danger of serious physical injury. If the motion is denied, Plaintiff shall not file a compliant or petition without payment of the filing fee, and the Clerk of Court shall not accept for filing, a complaint or petition from Plaintiff Gerry Boren without the fee. Any civil complaint or petition accompanied by the proper filing fee may be accepted for filing by the Clerk of Court.



DATED: **July 28, 2010**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

**INITIAL REVIEW ORDER - 7**